Brady, J.
The part of the answer first objected to is a preliminary statement, and is not irrelevant. The second part is not irrelevant, because it shows that the *396 defendants were not actuated by malice, and it is relevant in mitigation of damages.
The same observation applies to the third part.
The fourth part is not irrelevant, inasmuch as it states the circulation of the book alluded to and its injurious effects and bad character. I think this pertinent to the justification.
The fifth part relates to the justification itself, and is not irrelevant. It refers to a book named and published by the plaintiff, any part of which the defendants can resort to show that it is bad on the trial.
The same citerion applies to the sixth and seventh parts.
The eighth part, taken in connection with what precedes it in relation to the medicines named, is not irrelevant, except perhaps the allusion to the “Heathen Chinee,” which may be accepted as a description of the exterior of the medicines, and a playful contribution to the literature of the bar.
The ninth part is not irrelevant, because it is predicated of the averment that the antidote for tobacco is not as represented, and is a fraud and a swindle calculated to deceive the public. I think this conclusion fair, if it be true that the properties of the medicines are not as stated. If, in other words, it be not an antidote, it is calculated to deceive, and is a fraud.
The seller of a drug, medicine or so-called antidote, who vends it with an unqualified statement of its efficiency, must take the consequences, if his representations be untrue.
Specifics against the “thousand natural ills that flesh is heir to” are not easily attainable, and the medical profession do not claim to have devised many through all their experience and researches. They are nevertheless devoutly prayed for, and so potent is the desire for them that reasonable and indeed unreasonable assertions of their discovery are hailed with joy, and *397 the public confidence is readily secured. When a person, therefore, assuming to have devised one, represents its accomplishments, the public have a right to rely upon the assurance given, however foolish such a confidence may seem. This world is not composed of Solomons, and even men of good judgment and large experience, especially when the wish is wedded to the hope, are sometimes easily trapped. Drugs should be dispensed with great caution, and the laws which are designed to protect the people from the use of them, save under the guidance of the expert chemist, conscientious druggist or skillful practitioner, cannot be too stringent. I do not design to express any opinion of the character of the plaintiff’s preparations; whether they are good or bad, injurious or harmless, I am not called upon to declare; but of the propriety of holding men to a strict accountability who attempt to practice upon the credulity of the afflicted, and subject them to a greater suffering, I entertain no doubt.
The tenth part is introductory to the eleventh, and must be regarded as a part of it. It may be that some portions of it are mere criticisims and irrelevant, but if so they are not seriously objectionable and should not be expunged.
In conclusion it may not be improper to say that the facts which the defendants may offer to prove are to be ruled upon at the trial, and the effect of them, when admitted and established, is for the jury; and further, that the line between justification and mitigation is not easily drawn, upon pleadings, although on the trial it may not be difficult to make the distinction.
For these reasons the motion is denied, but without costs.